IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP A. MONROE and <br> FRANCES R. MONROE, <br><br> Plaintiffs, <br><br> vs. <br><br> AIR & LIQUID SYSTEMS, CORP., et al, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 25-cv-218-SMY <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs originally filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, alleging injuries due to exposure to asbestos (*See* Doc. 1-1). Defendant RTX Corporation ("RTX") removed the case to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 1)[1]. Now before the Court is Plaintiff's Uncontested Motion to Remand (Doc. 11). No objections have been filed to the motion.

The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the Complaint. *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Mesa v. California,* 489 U.S. 121, 136 (1989)). Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all claims. *Alsup v. 3–Day Blinds, Inc.,* 435 F.Supp.2d 838, 844 (S.D. Ill. 2006). The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. *Futch v. AIG Inc.,* 2007 WL 1752200 at *4 (S.D. Ill. 2007) (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper

---

[1] No other Defendant joined the removal.

& Joan E. Steinman, *Federal Practice and Procedure* § 3727 (3d ed. 1998 & Supp. 2007)). However, it may be appropriate to remand the ancillary claims after the federal claims have dropped out of the case. *Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir. 1998).

The Seventh Circuit has identified three circumstances under which remand is inappropriate: (1) if the statute of limitations would bar the refiling of claims in state court; (2) if substantial judicial resources have already been spent on the litigation; or (3) if the outcome of the claims is obvious. *Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir. 2007). When none of these exceptions apply, courts are generally reluctant to exercise jurisdiction over the remaining claims because of the state's compelling interest in enforcing its own laws. *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). Remand is also preferred in asbestos cases when one defendant out of many removes the case based on a federal defense. *See Futch,* 2007 WL 1752200. This is the situation that now exists in this case; the federal defense of RTX provided the only basis for federal jurisdiction. RTX was dismissed from the case on February 27, 2025. None of the remaining defendants have raised the federal officer removal statute as a defense, identified another basis for federal jurisdiction, or objected to remand. The remaining claims are governed by state law, and Plaintiffs' choice of forum is state court.

Accordingly, Plaintiffs' Uncontested Motion to Remand (Doc. 11) is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois and all pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

DATED: March 12, 2025

**STACI M. YANDLE**
**United States District Judge**